UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11-mc-2-JMS-WGH |
| | ) | |
| NMC, INC., d/b/a NORTHSIDE MACHINE CO., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

# ENTRY ON MOTION TO COMPEL SUBPOENA ENFORCEMENT

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the United States of America's Motion to Compel Subpoena Enforcement filed on March 10, 2011. (Docket Nos. 1-3). NMC, Inc., d/b/a Northside Machine Co., filed a Response in Opposition on March 28, 2011. (Docket No. 7). The United States filed its Reply in Support on April 11, 2011. (Docket No. 11).

## Background

On March 15, 2010, the Inspector General of the United States Department of Defense ("Inspector General") served an Inspector General Subpoena *Duces Tecum* on NMC, Inc., d/b/a Northside Machine Company ("NMC"), seeking the production of the following:

>     information, documents, reports, answers, records, accounts,
>     papers, and other data and documentary evidence pertaining to
>     purchase agreements, inspection record, quality control records,
>     and all documents, concerning items sold to FN Manufacturing . . .
>     in relation to work performed under Department of Defense
>     contracts . . . which are necessary in the performance of the
>     responsibility of the Inspector General under the Inspector General
>     Act.

(Motion to Compel Subpoena Enforcement at Ex. 1)(emphasis omitted). In accordance with this subpoena, the Inspector General sought "[t]he *original* Inspection Reports for parts produced under government contracts." (Id. at Ex. 2)(emphasis in original). NMC has opposed the production of the original documents. The United States now seeks an order compelling the production of these documents.

**Discussion**

Pursuant to the Inspector General Act of 1978, 5 U.S.C. app. 3 § 1 *et seq.*, Congress granted authority to the various inspectors general of the United States, including the Inspector General of the Department of Defense, to conduct and supervise audits and investigations relating to the programs and operations of their respective departments. 5 U.S.C. app. 3 § 2. In conducting such audits and investigations, the Inspector General is permitted "to require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium (including electronically stored information, as well as any tangible thing) and documentary evidence necessary in the performance of the functions assigned by this Act . . . ." 5 U.S.C. app. 3

§ 6(a)(4). The Inspector General may enforce such a subpoena "by order of any appropriate United States district court . . . ." *Id.*

In a subpoena enforcement proceeding, the role of the court is "sharply limited." *EEOC v. Tempel Steel Co.,* 814 F.2d 482, 485 (7th Cir. 1987). "As long as the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant, the district court must enforce an administrative subpoena." *Id.*

In this case, NMC alleges that it opposes the production of the original inspection reports because it is engaged in an ongoing *qui tam* action in this court (Cause No. 2:09-cv-66-WTL-WGH) and that producing the original inspection reports would interfere with its defense in that action. NMC asserts that it has produced *copies* of all of the inspection reports, that it has offered to allow the Inspector General to inspect the originals, and that it would surrender the original documents if the Inspector General would agree to return them by a date certain. (Defendant's Response in Opposition to Motion to Compel Subpoena Enforcement at 1). The Inspector General will not agree to return the original documents by any specific date or time. However, NMC does not dispute that the subpoena is within the scope of the Inspector General's authority under the Inspector General Act. It also appears that the information sought is reasonably relevant. Therefore, the court concludes that the Motion to Compel Subpoena Enforcement must be granted to the extent that the documents sought must be produced for inspection by the Inspector General.

Under Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure, courts may modify a subpoena which subjects the person receiving the subpoena to "undue burden." The question which must be addressed is whether the indefinite retaining of the original documents is an undue burden upon NMC who is in the process of defending a *qui tam* action involving those very same original documents. The Magistrate Judge concludes that the removal of the original documents for an indefinite time period would pose an undue burden on NMC and could delay the trial in this court. The burden can be mitigated to some extent by modification of the conditions under which compliance with the subpoena should be made.

## Conclusion

The United States of America's Motion to Compel Subpoena Enforcement is **GRANTED, in part**, and **DENIED, in part**. NMC is **ORDERED** to produce the original inspection reports at issue in this case by producing them in the United States District Court Clerk's Office, Room 304, Federal Building, in Evansville, Indiana (or in the Clerk's Office in Indianapolis, Indiana, if the parties so agree). If either party wishes to examine the documents, they may do so by appearing at the courthouse and examining the documents at the courthouse during regular business hours. Should either party request testing of the documents by a method which cannot be accomplished by review at the courthouse, that party should file a motion to remove the documents for testing. The motion should set out the name of the expert who will examine the documents, the type of test to

be performed, the location of the testing, and a specific date by which the testing will be completed and the documents returned. Response and reply to any such motion will be pursuant to the Local Rules.

**SO ORDERED.**

**Dated:** April 18, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Jennifer Westerhaus Adams
BARNES & THORNBURG LLP
jennifer.adams@btlaw.com

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov